STATE OF CONNECTICUT *v.* WILLIE BOYD

CIRCUIT COURT

SIXTH CIRCUIT
FILE No. 6-53606

Memorandum filed April 10, 1968

*John J. Kelly,* assistant prosecuting attorney, for the state.

*Alphonse S. DiBenedetto,* public defender, for the defendant.

CASALE, J. The defendant was arrested and arraigned on an information issued by this court charging him with the crime of carrying a weapon in a motor vehicle in violation of § 29-38 of the General Statutes. The penalty provided by the statute is a fine of not more than $1000 or imprisonment for not more than five years or both. This crime is among the offenses which may be taken jurisdiction of in the Circuit Court or, on the recommendation of the prosecuting attorney, bound over to the Superior Court. § 54-1a. The Superior Court has concurrent jurisdiction with the Circuit Court of the defendant's case. §§ 54-1a, 54-17.

On February 3, 1968, the defendant moved this court to suppress any and all evidence, tangible or

intangible, seized as a result of the search of the automobile of the defendant, citing as authority therefor § 54-33f. Thereafter, on March 5, 1968, the state filed a motion to dismiss the motion to suppress on the ground that since the prosecuting attorney has elected to request a hearing in probable cause for the purpose of binding the defendant over to the Superior Court, the Circuit Court does not have jurisdiction to entertain or act upon a motion by the defendant to suppress the evidence seized, and that the Circuit Court could entertain such a motion only if the prosecuting attorney had not instituted bind-over proceedings. The defendant, however, contends that under § 54-33f the Circuit Court may entertain a motion to suppress in a bind-over case even though the defendant may also file such a motion in the Superior Court if the Circuit Court refuses to suppress and the defendant is bound over.

The pertinent part of § 54-33f reads: "A person aggrieved by search and seizure may move the court which has jurisdiction of his case or, if such jurisdiction has not been invoked, then the court which issued the warrant, for the return of the property and to suppress for use as evidence anything so obtained . . . ." According to Webster, New Collegiate Dictionary, "invoke" means "to appeal to for support; to cite."

The jurisdiction of the Superior Court over a criminal case may be assumed by the issuance of a bench warrant by that court or a judge thereof for the arrest of the person complained against by the state's attorney. § 54-43. Or the jurisdiction of the Superior Court may be invoked by the Circuit Court when the prosecuting attorney of that court recommends that the defendant be bound over to the Superior Court "where the offense is of so aggravated a nature as to require a greater punishment" than

that which may be imposed by the Circuit Court. § 54-1a. We construe § 54-33f to provide that only if the Superior Court has not taken jurisdiction by the issuance of a bench warrant or such jurisdiction has not been invoked by the bind-over of the defendant by the Circuit Court may the Circuit Court entertain a motion to suppress.

If the legislature had intended that both the Superior Court and the Circuit Court may be moved to suppress evidence in a case, it would have made the legislative intent manifest by merely providing that a person aggrieved by search and seizure may move the court in which his case is pending for the return of property or the suppression of evidence.

The state's motion is granted and the motion to suppress is dismissed.